
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 01 2005
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **WILLIAM MITCHELL** | **DOCKET NO. 1:05 CV 1104** |
| | **SECTION P** |
| **VS.** | **JUDGE DRELL** |
| **BLAINE EDWARDS, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **WILLIAM MITCHELL** ("Plaintiff"). He is currently incarcerated in Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in this action on June 22, 2005. [Rec. Doc. 2]. Plaintiff names Blaine Edwards, Eddie Matthews, Blaine Vilmarette, and Bruce Caselot as defendants in the instant action.

The Court construes Plaintiff's complaint as alleging an offense of his civil rights by correctional officials in failing to protect him from another inmate and thereby, violating his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution, and for Due Process violations in his disciplinary conviction that resulted in the loss of good time. Plaintiff seeks monetary damages as relief.

Plaintiff is proceeding *in forma pauperis* in this action and

1

therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Accordingly, in order to determine if his civil rights claim is actionable, he should amend to provide this Court with the following information. See Talib v. Gilley, 138 F.3d 211 (5th Cir. 1998) (allowing the use of questionnaires or an evidentiary hearing in order to aid a court in the determination if an *in forma pauperis* complaint is frivolous).

**FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges the defendants failed to protect him from an attack by a fellow inmate.[Rec. Doc. 1, p.4] Plaintiff alleges that he was raped by Eddie Matthews. Plaintiff alleges that defendants covered up the incident. Plaintiff was taken to the hospital after the rape occurred. There, he was told by defendants Edwards and Casalot that if Plaintiff pressed charges on the attacker, charges would be filed against him as well. This disueded Plaintiff from filing charges against Matthews. Plaintiff alleges that Defendant Edwards tricked him into writing a statement that this attack had not occurred, presumably because it would look bad for the prison. After these events were Plaintiff repudiated his original allegations, He alleges that the defendants fabricated an incident report and convicted him on false allegations without Due Process. This conviction resulted in the loss of 180 days goodtime.

Plaintiff seeks relief in the form of monetary damages.

Plaintiff is proceeding *in forma pauperis* in this action and

2

therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e).

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. See, Haines v.

Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996).

**FAILURE TO PROTECT**

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of protection from violent attacks by other inmates. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, **Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety AND** that the **Defendants were deliberately indifferent** to his need for protection. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the **official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.**" Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1)"they were **unaware** of even an obvious risk to inmate health or safety," (2)"they did not know of the underlying facts indicating a sufficiently substantial danger," (3)"they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a Plaintiff to allege **specific**

5

**facts** which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) **the name(s) of each person** who allegedly violated plaintiff's constitutional rights;

(2) a **description of what actually occurred or what each defendant did to violate plaintiff's rights;**

(3) the **place and date(s) that each event occurred;** and

(4) a **description of the alleged injury.**

Plaintiff's complaint needs to name what action each named defendant has taken in violation of his constitutional rights. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates, however, not every injury suffered by a prisoner rises to the level of a constitutional violation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994). In order to determine whether a constitutional claim has been stated, Plaintiff should amend his complaint and include the following information:

(1) The name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) A description of what each defendant did to violate plaintiff's constitutional rights;

(4) A description of the alleged injury; Please explain fully all injuries received;

(5) Did Plaintiff and the inmate who attacked him, exchange any words or get into any fights prior to the attack which is the subject of this lawsuit? Explain;

(6) If so, were the correctional officials told or made aware

6

of these incidents?

(7) Did Plaintiff tell officials about the attack after it happened? Explain each conversation;

(8) If so, where any actions taken to separate the Plaintiff and his attacker from each other during community and/or recreational times at the prison?

(9) Has another attack on Plaintiff occurred since the attack that is the subject of this lawsuit? Explain;

(10) Describe all medical care given for your injuries? Include when and by whom?

(11) Has Plaintiff received any diagnosis from any doctor, or otherwise? Explain;

(12) You allege that defendants falsified an incident report against you. Explain the charges. Tell the whole story, including what the charges were, and what actions you actually did.

(13) Plaintiff alleges that the conditions are unsafe at Winn Correctional Center, Please explain how prison officials **should know** the conditions were unsafe; Provide examples.

**DUE PROCESS**

Prisoner's have a liberty interest in accumulated good time credit, and revocation of good time credits must comply with minimal due process requirements. <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000).

Due process requires that prisoners in prison disciplinary hearings resulting in loss of good-time be afforded advance written notice of claimed violation, written statement of fact findings, and right to call witnesses and present documentary evidence where

such would not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff at 556.

Due process requirements are satisfied when "**some evidence**" supports the disciplinary conviction and subsequent credit revocation. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985). The proper inquiry is whether there is any evidence in the record to support the conclusion of the disciplinary board. Id. at 455. In Hill three prisoners challenged a disciplinary board decision that revoked good time credits based on a guards testimony that he heard an altercation, discovered an inmate who had just been assaulted and saw the three inmates running away from the scene. Superintendent, Massachusetts Correctional Institution v. Hill at 445. The court characterized the evidence as meager, and conceded that there was not direct evidence identifying which of the three inmates committed the assault, but held this satisfied due process requirements because the record was not devoid of evidence, nor did it completely lack support. Id. at 446.

(14) **Petitioner should provide documentary evidence of his disciplinary conviction.** He must show that there is not "some evidence" to support the conviction. Include facts that indicate you did not commit the rules violation you were convicted of, and facts or conversations with defendants that show these charges were

8

fabricated.

**EXHAUSTION**

Furthermore, Plaintiff has admitted that he has failed to exhaust administrative remedies with respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a) makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that "the PARA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Tussle, 534 U.S. 516, 525, 122 S.C. 983, 992, 152 LED.2d 12, (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See Booth v. Churner, 532 U.S. 731, 739, 121 S.C. 1819, 1827, 149 LED.2d 958 (2001). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's

grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. <u>Booth</u>, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." <u>Id.</u>

Plaintiff is hereby put on notice that when a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the prisoner's complaint should be dismissed without prejudice, thereby allowing the refiling after exhausting all his administrative remedies. <u>Wendell v. Asher</u>, 162 F.3d 887, 891 (5th Cir. 1998).

Plaintiff should amend his complaint and provide information that such grievances have been exhausted.

**SUPERVISORY OFFICIALS**

Furthermore, insofar as the Plaintiff has named any of the defendants in their supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior.* See <u>Mouille v. City of Live Oak</u>, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); <u>Jennings v. Joshua Independent School District</u>, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be **personally involved** in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. <u>Id.</u> (emphasis added) Plaintiff's statements that certain officials, acting in a supervisory role violated his

constitutional rights, is not enough to satisfy the above standard. He must allege personal involvement or deficient policy implementation on behalf of these officials.

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims Plaintiff is unable to cure through amendment. **Plaintiff's amendment shall not exceed five (8)typewritten or ten (15)legible handwritten pages.**

**IT IS FURTHER ORDERED** that within thirty (30) days of the filing of this order, Plaintiff provide this Court with documentary proof that he exhausted **ALL** administrative remedies in connection with the claims asserted herein and responses, provided by the proper parties, thereto.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address pursuant to LR 41.3W.**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _1st_ day of _September_, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE