

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIAM MITCHELL** | DOCKET NO. 1:05 CV 1104 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **BLAINE EDWARDS, ET AL.** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil action filed by *pro se* Plaintiff, **William Mitchell**("Plaintiff"). Plaintiff was granted permission to proceed *in forma pauperis* on July 7, 2005. [Rec. Doc. 4] Plaintiff is currently incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana.

The instant matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

### I. STATEMENT OF CLAIM

Plaintiff's complaint alleges an offense of his civil rights by correctional officials in failing to protect him from another inmate and thereby, violating his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution, and for Due Process violations in his disciplinary conviction that resulted in the loss of good time. Plaintiff seeks monetary damages as relief.

### II. PROCEDURAL HISTORY

Plaintiff filed his complaint on May 31, 2005. [Doc. 1]. The plaintiff was ordered to amend his complaint on September 1, 2005. As of the date of this report and recommendation, Plaintiff has failed to comply with the undersigned's order to amend his complaint.

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), failure to prosecute or comply with an order of the court, by a Plaintiff, is ground for dismissal of an action. An involuntary dismissal pursuant to Fed.R.Civ.P 41(b) "may be made by the court *sua sponte* for lack of prosecution by a party and is deemed an inherent power within the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of the cases." Link v. Wabash Railroad Co., 370 U.S.626, 82 S.Ct. 1386, 8 L.Ed.2d 734(1962). *See also,* Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); Boudwin v. Graystone Ins. CO., Ltd., 756 F.2d 399, 401 (5th Cir 1985).

**Based upon the foregoing,**

**IT IS RECOMMENDED** that the instant civil rights action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P.41(b).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk

of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).